**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Burton Perlman
United States Bankruptcy Judge

**Dated: October 5, 2015**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| Lori Smallwood | ) | Case No. 12-14303 |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Lori Smallwood | ) | Adversary No. 13-1001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Burton Perlman |
| vs. | ) | |
| | ) | |
| Fifth Third Mortgage Company | ) | |
| | ) | |
| Defendant. | ) | |

1

**DECISION**

**I.     Background.**

Debtor Lori Smallwood has filed this adversary proceeding in her chapter 13 bankruptcy case. Debtor Lori Smallwood is the plaintiff (the "Plaintiff" or "Ms. Smallwood"), while Fifth Third Mortgage Company is the defendant (the "Defendant" or "Fifth Third"). Ms. Smallwood and her ex-husband, Kenneth Smallwood, acquired real estate in Sardinia, Ohio (the "subject real estate") and obtained a mortgage loan thereon from Defendant in 2007. The Complaint herein was brought pursuant to 11 U.S.C. §§ 544(a)(3), 547 and 506 seeking to avoid any lien Defendant might have in Ms. Smallwood's undivided one-half interest in the subject real estate and to determine the validity and extent of any secured claim to which Fifth Third may be entitled.

**II.     Jurisdiction.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. § 157.

**III.     Motions by the Parties.**

Fifth Third has filed a Motion to Dismiss and/or for Judgment on the Pleadings (the "Motion to Dismiss") (Doc. 27). Ms. Smallwood filed her Response to Defendant's Motion to Dismiss (Doc. 29); and Fifth Third filed its Reply Memorandum in Support of its Motion to Dismiss (Doc. 30).

Ms. Smallwood has filed a Motion for Summary Judgment (the "MSJ") (Doc. 28). Ms. Smallwood supports her MSJ with Exhibit A, Affidavit of the Lori Smallwood; Exhibit

2

A-1, promissory note dated February 16, 2007, Exhibit A-2, Limited Warranty Deed dated February 12, 2007, Exhibit A-3, Decree of Divorce entered April 30, 2012.

Fifth Third has filed a Memorandum Contra to Plaintiff's MSJ (the "Response") (Doc. 34). Fifth Third's Response is supported by Exhibit 2, recorded mortgage dated February 16, 2007; Exhibit 7, promissory note dated February 16, 2007; Exhibit 8, Limited Warranty Deed dated February 12, 2007; Exhibit 12, Quit Claim Deed dated May 9, 2012; Exhibit 13, unrecorded mortgage dated February 16, 2007; Exhibit 14, Complaint for Foreclosure with Count for Reformation filed June 18, 2012; Exhibit 15, Order of Stay Due to Bankruptcy filed August 13, 2012; Exhibit 16, Complaint for Divorce filed August 5, 2011; and Lori Smallwood Deposition Pages.

**IV.   Facts.**

Prior to the filing of her chapter 13 bankruptcy case on February 12, 2007, Ms. Smallwood and her former spouse, Kenneth Smallwood, acquired the subject real estate located at 2122 North Gath Road Sardinia, Ohio 45171. A deed was executed and delivered by Wells Fargo Bank to Ms. Smallwood and Kenneth Smallwood on February 12, 2007 (the "Deed"). On February 16, 2007, Kenneth Smallwood executed a promissory note (the "Note") in the amount of $84,525.00 payable to Fifth Third. Ms. Smallwood did not sign the Note. Also on February 16, 2007, Ms. Smallwood and Kenneth Smallwood executed a mortgage (the "Mortgage") pledging the subject real estate as collateral. The Deed and the Mortgage were recorded on June 8, 2007 in the Highland County, Ohio Recorder's office. Ms. Smallwood and Kenneth Smallwood filed

3

a divorce complaint on August 5, 2011 (the "Divorce Complaint"). The divorce decree was entered on April 30, 2012. The divorce decree provided that Kenneth Smallwood deed his interest in the subject real estate to Ms. Smallwood and pay the Note liability within 60 days from the date of the divorce decree.

On May 9, 2012, Kenneth Smallwood executed a deed transferring his interest in the subject real estate to Ms. Smallwood. The deed was recorded on May 15, 2012 in the Highland County, Ohio Recorder's office. Kenneth Smallwood did not comply with the divorce decree requiring that he pay the Note liability. On June 18, 2012, Fifth Third filed a foreclosure action in the Highland Common Pleas Court against Ms. Smallwood and Kenneth Smallwood. Ms. Smallwood filed her chapter 13 bankruptcy petition on August 8, 2012. Fifth Third filed a proof of claim in Ms. Smallwood's chapter 13 case, in the amount of $85,733.68, as a fully secured claim. The foreclosure action is currently stayed. On January 7, 2013, the parties entered into an Agreed Order Conditionally Resolving Fifth Third Mortgage Company's Objection to Confirmation of the Plan (the "Agreed Order"). Particularly, the Agreed Order indicated the parties' agreement that an adversary action would be brought by Ms. Smallwood to determine whether Ms. Smallwood was correct in her assertion that Fifth Third's Mortgage lien was not validly executed and that said lien should be treated as unperfected and unsecured.

**V.    Position of the Parties**

   **A. Plaintiff.**

The Complaint alleges causes of action under 11 U.S.C. § 544(a)(3) and §547. Ms. Smallwood argues that the mortgage at issue in this adversary proceeding is avoidable on the following grounds: (1) Ms. Smallwood may exercise the trustee's

4

avoidance powers to avoid the Mortgage; (2) Ms. Smallwood's signature on the Mortgage was not acknowledged in accordance with Ohio law; (3) the Mortgage is not in substantial compliance with Ohio law and may be avoided by a bona fide purchaser for value without notice; (4) the defense of lis pendens is not available to Fifth Third; and (5) if lis pendens is available to Fifth Third, then upon perfection the transfer becomes a preferential transfer which may be avoided.

Citing Countrywide Home Loans v. Dickson (In re Dickson), 427 B.R. 399, 406 (6th Cir. B.A.P. 2010) aff'd on other grounds Dickson v. Countrywide Home Loans (In re Dickson, 655 F.3d. 585 (6th Cir. 2011), Ms. Smallwood argues that a chapter 13 debtor could use the chapter 13 trustee's avoidance powers under 11 U.S.C. §§ 544 and 547 to maximize the benefit to the estate when a trustee declines to do so.  Ms. Smallwood's Chapter 13 plan provides for the avoidance of the Mortgage and fixes the percentage to be paid to general unsecured creditors based on the avoidance of the Mortgage.  The chapter 13 trustee declined to pursue the lien avoidance action.

Ms. Smallwood further contends that under § 544(a)(3), with respect to an undivided one-half interest in the Property, the Mortgage was ineffective to put a bona fide purchaser on notice of Defendant's lien because Ms. Smallwood's signature on the Mortgage was not acknowledged according to Ohio Revised Code § 5301.(A) and the Mortgage is therefore avoidable,  citing In re Wheeler, Adversary No. 04-1386 (Perlman, J.) affirmed by In re Wheeler, 2006 WL 1645214 (Bankr. S.D.Ohio 2006)(Beckwith, J.) Plaintiff argues that the failure of the notary to acknowledge Plaintiff's signature on the mortgage as mandated by Ohio Revised Code § 5301.01(A) renders the mortgage invalid and subject to avoidance by a bona fide purchaser for value, such as a

5

bankruptcy trustee using his or her avoidance powers under 11 U.S.C. §§ 544(a) and 547.

Finally, Ms. Smallwood claims the defense of lis pendens, if asserted by Fifth Third is not available because any such perfection is also avoidable under 11 U.S.C. § 547, citing <u>Rhiel v. Cent. Mortg. Co. (In re Kebe)</u>, 469 B.R. 778, 791 (Bankr. S.D.Ohio 2012)(Hoffman, J.). Ms. Smallwood argues that because the doctrine of lis pendens occurred upon the filing of the foreclosure action which was less than two months before the filing of the Ms. Smallwood's petition, the Mortgage is avoidable under 11 U.S.C. § 547.

**B. Defendant.**

Fifth Third offers three arguments in support of its Motion to Dismiss and in opposition to the Plaintiff's MSJ. First, Fifth Third argues that Ms. Smallwood does not have derivative standing to bring this action and cannot attack her own mortgage, citing <u>In re Dickson</u>, 655 F.3d. at 592. Fifth Third contends that because Ms. Smallwood admitted to signing the Mortgage she cannot attack her own mortgage as a voluntary, consensual lien. In addition because the trustee did not affirmatively decline to bring the adversary action Ms. Smallwood has not met the requirements set forth in the <u>Dickson</u> case.

Second, Fifth Third asserts that Ms. Smallwood is not a bona fide purchaser for value without notice, citing <u>Kellner v. First Ohio Banc & Lending, Inc. (In re Geraci)</u>, 507 B.R. 224 (Bankr. S.D.Ohio 2014). Fifth Third argues that under 11 U.S.C. § 544 only a trustee is treated at a hypothetical bona fide purchaser for value, and, a trustee would have constructive notice of Fifth Third's interest in the Property, citing <u>Basil v. Vincello</u>,

6

50 Ohio St.3d 185, 553 N.E.2d 602, 606 (1990). Fifth Third contends that the trustee would have notice from two sources. First, from Kenneth Smallwood's mortgage interest which is secured, properly filed and not subject to avoidance and second, from the divorce and foreclosure which created notice of a lien on the Property.

Finally, Fifth Third argues that under § 547 Ms. Smallwood has not met the pleading requirements to bring the action herself, citing In re Dickson, 655 F.3d. at 591-592. Fifth Third contends that Ms. Smallwood is limited to avoiding the lien under § 552(h) and (g)(1) must be met. Since only the trustee may bring a preference action to avoid a lien under § 547 and because Ms. Smallwood did not plead for avoidance under § 522 Ms. Smallwood has made a claim for which relief cannot be granted.

**VI**.    **Standing.**

Before the Court can address the substantive issues raised in the motion to dismiss and motion for summary judgment, it must first address the standing issue raised by Fifth Third.

Courts are split on whether a Chapter 13 debtor may be granted derivative standing to bring an avoidance action under § 544. One line of cases hold that Chapter 13 debtors may not use these powers. In re Smith, 2014 WL 1404722, *2, Slip op. (Bankr. W.D.Ky April 10, 2014). These courts emphasize a lack of specific statutory authority authorizing debtors to use these powers. Id.; see also In re Lee, 432 B.R. 212, 215 (Bankr. D.S.C. 2010); Funches v. Household Fin. Consumer Discount Co. (In re Funches), 381 B.R. 471, 496 (Bankr. E.D .Pa. 2008); In re Binghi, 299 B.R. 300 (Bankr.

7

S.D.N.Y. 2003); Holcombe v. Debis Financial Servs., Inc. (In re Holcombe), 284 B.R. 141, 145(Bankr. N.D.Ala. 2001); In re Driver, 133 B.R. 476, 478 (Bankr. S.D.Ind. 1991) (standing Chapter 13 trustee, not the debtor, holds the lien avoiding powers).

However, a number of courts go the other way on this issue and have found that Chapter 13 debtors may use these strong-arm powers.  Id.; see also In re Dickson, 427 B.R. at 406 (B.A.P. 6th Cir.  2010); Houston v. Eifler (In re Cohen), 305 B.R. 886 (B.A.P. 9th Cir. 2004) (extended discussion of why Chapter 13 debtor has § 544 avoidance powers); In re Bonner, 206 B.R. 387 (Bankr. E.D.Va. 1997) (Chapter 13 debtor or trustee may exercise the avoidance powers); Freeman v. Eli Lilly Fed. Credit Union (In re Freeman), 72 B.R. 850, 854 (Bankr. E.D.Va. 1987); Ottaviano v. Sorokin & Sorokin (In re Ottaviano), 68 B.R. 238, 240 (Bankr. D.Conn. 1986).

Upon consideration of this issue, and after deliberation, the Court believes the better approach is the one used by courts allowing Chapter 13 debtors to use these powers. All of the policy reasons set forth by the Bankruptcy Appellate Panel in the Dickson case and in the Cohen case compel the Court to conclude that making these powers available to Chapter 13 debtors is the proper approach to this issue.

Upon review of the cases allowing Chapter 13 debtors derivative standing to use the trustee's powers, the debtors either requested permission or were granted permission by the bankruptcy court to pursue the matter. In re Dickson, 427 B.R. 399, 405.  In this case, although Ms. Smallwood did not specifically petition the Trustee to bring the claims, the Trustee nonetheless consented to Ms. Smallwood bringing the adversary proceeding here.  In fact, both Fifth Third and the Trustee consented to Ms. Smallwood bringing this action.  Fifth Third specifically agreed that "this case may be

8

confirmed subject to the conditions stated herein," and, as a condition to confirmation, Fifth Third along with the Trustee and Ms. Smallwood agreed "that an adversary action brought by the Debtor [Ms. Smallwood] . . . is the appropriate procedure for determining" whether "the lien held by Creditor [Fifth Third] was not validly executed . . . and should be treated as unperfected and unsecured." The parties agreed that Plaintiff, Ms. Smallwood, bring this adversary proceeding. Thus, Ms. Smallwood has derivative standing to bring this adversary.

### VII.  Motion to Dismiss.

Defendant's Motion to Dismiss will be denied. The Motion is based fundamentally upon Defendant's contention that Plaintiff does not have standing to bring the action. The question of standing has been dealt with above, and because of our conclusion that Plaintiff does have standing.  Defendant's Motion to Dismiss will be denied.

### VIII.  Motion for Summary Judgment.

Motions for summary judgment are governed by Fed. R. Civ. P. 56, which is incorporated into bankruptcy practice by Fed. R. Bankr. P. 7056.  That rule provides in part that a motion for summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of showing that there is no issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-324 (1986).  The Court has found that the Plaintiff has derivative standing to bring this action.   Since this mortgage concerns real property located in Ohio, the Court will consider Ohio law. <u>See</u> <u>Watson v. Kenlick Coal Co., Inc.</u>, 498 F.2d 1183, 1190 (6th Cir.1974).

In Ohio there are three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgager's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public or other public official.  See In re Zaptocky, 250 F.3d 1020 (2001) at 1024 citing Ohio Rev. Code Ann. § 5301.01(A).

In this case, the only prerequisite at issue is whether Ms. Smallwood's signature was properly acknowledged or certified by a notary public.  It is undisputed that Plaintiff signed the mortgage along with her former spouse Kenneth Smallwood.  Also, it is undisputed that the notary public subscribed her name to the acknowledgement clause. In addition to signing her name, the notary public is required to "certify the acknowledgement[.]"  See R.C. § 5301.01(A).  The Ohio Revised Code requires the following in connection with the certification of acknowledgments:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ohio Rev. Code § 147.53.  Thus, the acknowledgment clause must identify the "person acknowledging" the acknowledgment. In re Baruch, supra  2009 WL 9124374, *6, Slip op. (Bankr. S.D.Ohio Feb. 23, 2009) (Preston, J.).  That did not happen here. The acknowledgment clause did not identify Ms. Smallwood by name or in any other fashion.  Rather, the acknowledgement clause singularly identified "Kenneth Smallwood the individual(s) . . . that he/she did . . . sign the foregoing agreement and that the same

is his/her free act . . . ." The acknowledgement clause does not include Ms. Smallwood's name.

In support of its argument that the acknowledgment clause either complied or substantially complied with Ohio law Fifth Third points to the following: (1) the first page of the Mortgage refers to Ms. Smallwood as the Borrower; (2) Ms. Smallwood testified that she signed her name above her printed full name on the page containing the granting clause; and (3) other than the page on which the granting clause appeared, Ms. Smallwood initialed the bottom of each page of the Mortgage, including the page containing the acknowledgment clause.

None of these brings the Mortgage into compliance with the certification requirement. An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor by name or contain information that permits the mortgagor to be identified by reference to the mortgage. In re Baruch, supra at *7. The acknowledgment clause in this case does not identify Ms. Smallwood. The identification of Ms. Smallwood as the Borrower on the first page of the Mortgage does not effectuate compliance with the certification requirement because the acknowledgment clause does not state that the Mortgage was acknowledged by the "Borrower." Ms. Smallwood's signature on the Mortgage likewise is insufficient because neither her signature nor her printed name nor a reference to her appears in the acknowledgment clause itself. Similarly, Ms. Smallwood initialing the Mortgage on the bottom of its other pages, including the page on which the acknowledgment clause appears, is insufficient because the initials, like

Ms. Smallwood's printed name and signature, were not made part of the Acknowledgment Clause. See Helbling v. Mortgage Electronic Registration Sys., Inc., et al. (In re Cala), 2008 WL 2001761, *6 (Bankr. N.D.Ohio May 6, 2008) ("Viewing the initials in the light most favorable to [the mortgagee], the Court concludes they do not satisfy the requirements of Ohio Revised Code [section] 5301.01 because the initials are separate from the acknowledgment.")

Here, the notary public did not certify Ms. Smallwood's acknowledgment of her signature. The mortgage here was thus improperly executed and is incapable of substantially complying with the statutorily required formalities set forth in § 5301.01. See Stubbins v. Espenscheid (In re Espenscheid), 2010 Bankr. LEXIS 2471, *10-11, 2010 WL 9034909 (Bankr. S.D.Ohio March 16, 2010).

Plaintiff is entitled to succeed on her MSJ, and avoid any mortgage interest in her property by Defendant. On virtually identical facts, the court in In re Wheeler, 2006 WL 1645214 (S.D. Ohio, 2006) held that the mortgage was invalid. It is true that in the Wheeler case the plaintiff was the trustee, while in the instant case it is debtor. Since we have found above that the debtor stands in the shoes of the trustee, and can assert the rights and powers of a trustee because she has standing, that distinction is immaterial.

### IX. Claim allowance under § 506.

Ms. Smallwood seeks a declaratory judgment under § 506 regarding the validity and extent of the Fifth Third's lien. Subject to certain exceptions, § 506(d) voids any lien "[t]o the extent [the] lien secures a claim against the debtor that is not an allowed

secured claim[.]" 11 U.S.C. § 506(d).  In the instant case, the Court has concluded that Defendant can have no secured claim, and Plaintiff is therefore entitled to this relief.

## X.   Conclusion.

Defendant, Fifth Third Mortgage Company's Motion to Dismiss and/or for Judgment on the Pleadings will be DENIED and the Plaintiff, Lori Smallwood's Motion for Summary Judgment will be GRANTED. Plaintiff is entitled to the declaratory judgment she seeks, that Defendant holds no lien against her subject real estate.

Copies to:

Paul J. Minnillo, Esq.
2712 Observatory Avenue
Cincinnati, OH 45208

Amelia A. Brower, Esq.
1170 Old Henderson Road
Suite 109
Columbus, OH 43220

Amelia Bower
300 East Broad Street, Suite 950
Columbus, OH 43215

###